NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CITY OF LOS ANGELES, | ) | CASE NO. CV 17-7215-R |
| Plaintiff, | )<br>)<br>) | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | ) | |
| JEFFERSON B. SESSIONS, III.; et al., | )<br>) | |
| Defendants. | )<br>) | |

Before the Court is Defendants' Motion to Dismiss, which was filed on July 27, 2018. (Dkt. No. 85). Having been fully briefed by both parties, this Court took the matter under submission on September 12, 2018.

The federal grant at issue in Defendants' Motion to Dismiss is awarded by the Edward Byrne Memorial Justice Assistance Grant Program (the "Byrne JAG grant"). This grant supports state and local law enforcement efforts by providing additional funds for personnel, equipment, training, and other criminal justice needs. 34 U.S.C. § 10152. The Byrne JAG grant is a formula grant meaning the funds are awarded according to a formula provided by statute based on the state's population and rate of violent crime. 34 U.S.C. § 10156. Plaintiff City of Los Angeles ("Los Angeles") has been a recipient of the Byrne JAG grant every year since 1997, and each year has received more than $1 million in funding. In 2017, Defendant Attorney General announced

1    immigration compliance requirements that the Bureau of Justice Assistance ("BJA") would be
2    imposing on Byrne JAG applicants to render certain jurisdictions ineligible for funds if they did
3    not change their policies and operations to be in compliance.  The announcement explained that,
4    "[f]rom now on, the Department will only provide Byrne JAG grants to cities and states that
5    comply with federal law, allow federal immigration access to detention facilities ["Access
6    Condition"], and provide 40 hours' notice before they release an illegal alien wanted by federal
7    authorities ["Notice Condition"]."  Los Angeles has not changed its policies and operations, and as
8    a result has not received Byrne JAG funding for the 2017 fiscal year.  Now before this Court,
9    Defendants seek to dismiss Counts One, Two, and Three of Plaintiff's Complaint.
10       Defendant argues in its Motion to Dismiss that Plaintiff lacks standing and ripeness to
11   bring Counts One, Two, and Three in its Complaint because Plaintiff has not shown injury in fact.
12   Defendants also argue that Plaintiff's allegation that the Notice and Access Conditions are ultra
13   vires and violate the Constitution's separation of powers (Count One) should be dismissed under
14   Federal Rule of Civil Procedure 12(b)(6) because Defendants were authorized to impose these
15   Conditions.   Next, Defendants argue that Plaintiff's allegation that the Notice and Access
16   Conditions violate the Spending Clause (Count Two) should be dismissed under Federal Rule of
17   Civil Procedure 12(b)(6) because the conditions are consistent with the Spending Clause.  Finally,
18   Defendants argue that Plaintiff's allegation that the Notice and Access Conditions are arbitrary or
19   capricious in violation of the Administrative Procedure Act ("APA") (Count Three) should be
20   dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff does not challenge
21   "final agency action" as required under the APA.
22   **Jurisdiction**
23       Before turning to the merits of the case, this Court first addresses the issue of standing
24   under Rule 12(b)(1).  "A party invoking federal jurisdiction has the burden of establishing that it
25   has satisfied the case-or-controversy requirement of Article III of the Constitution; standing is a
26   'core component' of that requirement."  *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d
27   1031, 1036 (9th Cir. 2008).  Standing requires (1) injury in fact, (2) causation, and (3)
28   redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  In the context of a

1   statutory violation, the Plaintiff must have suffered concrete injury.  *Spokeo, Inc. v. Robins*, 136 S.
2   Ct. 1540, 1549 (2016).
3       Here, Defendant challenges Plaintiff's standing based on the injury in fact requirement.
4   Because the challenge is facial, this Court assumes the truth of the allegations in the Complaint
5   and looks no further.  *See Ewing v. SQM US, Inc.*, 211 F. Supp. 3d 1289, 1292 (S.D. Cal. 2016).
6   The Attorney General believes Plaintiff's challenge to the conditions is premature because the
7   Office of Justice Programs ("OJP") has not yet reached a final decision on whether to award Los
8   Angeles funds under the Byrne JAG grant, meaning the OJP has not yet consummated any "final
9   agency action" that is ripe for judicial review.  However, this argument misses the mark.  Plaintiff
10  is not challenging the Attorney General's unfinalized decision whether to award the funds, but
11  instead the decision to impose the Notice and Access Conditions on the Byrne JAG grant.
12      In the context of judicial review under the Administrative Procedure Act ("APA"), for
13  agency action to be considered "final," two conditions must be met: (1) the imposition of the
14  Conditions must "mark the consummation of the agency's decisionmaking process," and cannot
15  be merely tentative, and (2) the imposition of the Conditions must be an act "by which 'rights or
16  obligations have been determined,' or from which 'legal consequences will flow.'"  *Bennett v.
17  Spear*, 520 U.S. 154, 177-78 (1997).
18      Both requirements are clearly met here.  As for the first requirement, the imposition of
19  these Conditions is neither tentative nor interlocutory in nature.  Alan Hanson, the then-Acting
20  Assistant Attorney General for the Office of Justice Programs at the DOJ, stated in his declaration
21  that every 2017 fiscal year award will include the Conditions.  *See City of Chicago v. Sessions*,
22  2018 WL 3608564, at *5 ("[T]he Attorney General's attachment of the Conditions is the end
23  result of his decision-making process on this score.").  Turning to the second requirement, the
24  "Conditions attached to the Byrne JAG funds trigger important legal and practical consequences."
25  *Id*.  Specifically, Los Angeles must "choose between accepting the award"—to which it is
26  statutorily entitled—"with the Conditions or forgoing the award in favor of maintaining the City's
27  policy preferences."  *Id*.  In sum, legal consequences clearly flow from the imposition of the
28  Conditions.  Therefore, because most requirements have been met, this Court finds that the

1  Attorney General's decision to impose the Conditions constitutes final agency action that is ripe
2  for judicial review.

3  As for the other two claims at issue, Plaintiff's injury is both impending and substantially
4  likely to occur. Under the 2017 fiscal year Byrne JAG formula grant, Los Angeles is expected to
5  receive $1.9 million, with $1.5 million allocated directly to the City and the remainder allocated to
6  the County of Los Angeles as a sub-grantee. This is based on previous years' funds award and the
7  statutory formula. Because the Attorney General has stated that the Department will only provide
8  Byrne JAG grants to cities and states that accept and impose the Notice and Access Conditions,
9  Los Angeles would be forced to certify to those conditions and that requirement alone is sufficient
10 to establish standing. Therefore, this Court rejects Defendants' contention that Plaintiff lacks
11 standing required to qualify for judicial review.

12 **Count One: Violation of Separation of Powers / Ultra Vires Agency Action**

13 This Court next addresses Defendants' argument that Plaintiff's separation of powers /
14 *ultra vires* claim should be dismissed under Rule 12(b)(6). Dismissal under Rule 12(b)(6) is
15 proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of
16 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901
17 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v.*
18 *Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege
19 "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives
20 "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at
21 555, 570. The plaintiff must plead "factual content that allows the court to draw the reasonable
22 inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Courts
23 will not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere
24 conclusory statements. . . ." *Id.* "All allegations of material fact are taken as true and construed in
25 the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d
26 979, 988 (9th Cir. 2001) (citation omitted).

27 The Attorney General moves to dismiss Count One (ultra vires and separation of powers),
28 arguing that the Byrne JAG statute provides authority to impose the Conditions. On September

1. 13, 2018, this Court granted Plaintiff's Application for Preliminary Injunction, finding that Plaintiff was likely to succeed on the merits of its claim that the Byrne JAG statute does not authorize the Conditions imposed and, thus, are ultra vires and violate the Constitution's separation of powers.  For the reasons set forth in the September 13, 2018 Order, this Court denies Defendants' Motion to Dismiss as to this claim.  Defendants' brief raises the same exact arguments that have already been rejected by the Seventh Circuit and two federal district courts.  Plaintiff contends that the language of the statute cannot be interpreted to delegate authority to the Attorney General to impose the Notice and Access Conditions on the Byrne JAG grant.  For the reasons already articulated by the courts in *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018) and *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579 (E.D. Pa. 2017), and similar reasons adopted by this Court with respect to the COPS program, this Court finds that Plaintiff has plausibly stated a claim that the Notice and Access Conditions are ultra vires and in violation of the separation of powers.  Therefore, Defendants' Motion to Dismiss Count One of the Complaint is DENIED.

**Count Two: Violation of the Spending Clause**

This Court next addresses Defendants' argument that Plaintiff's claim that the Conditions violate the Spending Clause, should be dismissed under Rule 12(b)(6).  "Congress may attach conditions on the receipt of federal funds, and has repeatedly employed the power 'to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.'" *South Dakota v. Dole*, 483 U.S. 203, 206 (1987).  However, the congressional conditions on the receipt of federal funds "must. . . bear some relationship to the purpose of the federal spending." *New York v. U.S.*, 505 U.S. 144, 167 (1992).  Of the four requirements that must be satisfied to comply with the Spending clause, one requirement is that ". . . the conditions on receipt of federal funds must be reasonably related to the articulated goal." *State of Nevada v. Skinner*, 884 F.2d 445, 447 (1989).

Here, Plaintiff alleges that the Notice and Access Conditions violate the requirement that the conditions on receipt of federal funds be reasonably related to the articulated goal.  The purpose of the Byrne JAG program is to support programs "for criminal justice," 34 U.S.C. §

10152(a)(1).  The statute lists the types of programs that the grant is to fund, and Plaintiff contends that Congress did not include civil immigration regulation.  Further, Plaintiff has pleaded facts sufficient to show that the Conditions may not be reasonably related to the goal of enhancing local criminal justice.  As a result, the City has properly stated a claim that the Notice and Access Conditions violate the Spending Clause. Therefore, Defendants' Motion to Dismiss Count Two of the Complaint is DENIED.

**Count Three: Violation of the Administrative Procedure Act**

Finally, this Court next addresses Defendants' argument that Plaintiff's claim that the Conditions violate the APA, should be dismissed under Rule 12(b)(6).  Defendants first argue that this claim must be dismissed because Plaintiff does not challenge "final agency action" as necessary under the APA.  However, as analyzed above, this Court finds that the Conditions do constitute "final agency action."

Now focusing on the merits for purposes of Defendants' Rule 12(b)(6) motion, Plaintiff argues that the imposition of the Conditions should be set aside as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," while Defendants argue that the Conditions are reasonable because the conditions comport with the Spending Clause and are authorized by statute.  5 U.S.C. § 706(2)(A).

An agency "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  And an agency decision will be found to be arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

Los Angeles alleges that the Justice Department has not only failed to "examine the relevant data and articulate . . . a rational connection between the facts found and the choice made," *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) (citation omitted), it has

also ignored substantial contrary evidence. Los Angeles further contends that there is an absence of evidence supporting the imposition of the Condition. However, there is evidence that undermines the agency's action and, consequently, the agency's stated explanation runs counter to the evidence. *Organized Vill. Of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 966 (9th Cir. 2015) ("Agency action is arbitrary and capricious if the agency has . . . offered an explanation for its decision that runs counter to the evidence before the agency."). Los Angeles argues that the Justice Department's reliance on an Office of Inspector General ("OIG") Report and the Department's "Backgrounder on Grant Requirements" is misplaced. Specifically, Los Angeles cites to the court's decision in *City of Philadelphia v. Sessions* holding that those documents "do not demonstrate any adequate basis for the attachment of the Challenged conditions." 309 F. Supp. 3d 271, 324 (E.D. Pa. 2018). The OIG Report summarizes compliance with 8 U.S.C. §1373 and does not discuss the need to impose the Notice and Access Conditions on Byrne JAG awards. Based on the facts alleged, this Court finds that the Plaintiff has plausibly stated a claim that the Notice and Access Conditions are arbitrary and capricious. Therefore, Defendants' Motion to Dismiss Count Three of the Complaint is DENIED.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is DENIED. (Dkt. No. 85).

Dated: September 17, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE