JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
JOHN R. TYLER
Assistant Director
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
Department of Justice, Civil Division
318 South Sixth Street, Room 244
Springfield, Illinois 62701
Telephone:  (202) 514-3495
Facsimile:   (217) 492-4888
E-mail:        scott.simpson@usdoj.gov
COUNSEL FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>  Plaintiff,<br>v.<br><br>JEFFERSON B. SESSIONS, III, *et al.*,<br><br>  Defendants. | Case No. 2:17-cv-07215-R-JCx<br><br>**DEFENDANTS' ANSWER TO COUNTS ONE, TWO, AND THREE OF PLAINTIFF'S COMPLAINT** |

The defendants, by their undersigned counsel, hereby answer Counts One, Two, and Three of plaintiff's Complaint as follows:[1]

**FIRST DEFENSE**

Plaintiff lacks standing as to Counts One, Two, and Three of the Complaint.

---

[1] This answer encompasses only Counts One, Two, and Three of plaintiff's Complaint because the Court has already entered a permanent injunction in relation to Counts Four, Five, and Six.

**SECOND DEFENSE**

Counts One, Two, and Three of the Complaint are constitutionally unripe.

**THIRD DEFENSE**

Counts One, Two, and Three of the Complaint fail to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Defendants answer the relevant paragraphs of plaintiff's Complaint as follows, in correspondingly numbered paragraphs:

**INTRODUCTION**[2]

1. This paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.

2. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required. This paragraph is also in the nature of rhetorical commentary and legal argument rather than factual allegations, including the use of words such as "ironically" and "untenable." As such, this paragraph requires no response by the defendants. To the extent a response is deemed required, this paragraph is denied.

3. Defendants admit that Counts One, Two, and Three relate to the Edward Byrne Memorial Justice Assistance Grant Program.

**The Byrne JAG Program**

4-5. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required, and plaintiff's summary and characterization of certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

---

[2] Defendants include the headings listed in the Complaint solely to assist in the reading of the pleadings, and do not admit the accuracy of such headings or any characterizations contained therein.

2

6-7. These paragraphs relate to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

## Constitutionality

8-9. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

10. This paragraph relates to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

11-16. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## JURISDICTION AND VENUE

17-18. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## PARTIES

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

20-21. Defendants admit these paragraphs.

22. Defendants deny this paragraph and aver that Matt M. Dummermuth is the Principal Deputy Assistant Attorney General for the Office of Justice Programs and has overall supervisory responsibility that includes the Bureau of Justice Assistance.

23. This paragraph relates to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

## FACTUAL ALLEGATIONS

**A.  Policies and Practices of the City of Los Angeles' Police Department**

24-27.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these paragraphs.

28.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

29-31.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these paragraphs.

32.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph, because, among other reasons, the Los Angeles Police Department does not notify the Department of Homeland Security or U.S. Immigration and Customs Enforcement when LAPD has an alien in custody.  To the extent the second, third, and fourth sentences of this paragraph set forth factual allegations, defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.  To the extent the second, third, and fourth sentences set forth plaintiff's conclusions of law, no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

**B.  The Edward Byrne Memorial Justice Assistance Grant Program**

33.  This paragraph purports to summarize and characterize certain provisions of federal law, to which the Court is respectfully referred for a full and accurate statement of their contents.

34.  The first sentence of this paragraph purports to summarize and characterize certain provisions of federal law, to which the Court is respectfully referred for a full and accurate statement of their contents.  Defendants admit the second sentence of this paragraph.

35-36.  These paragraphs purport to summarize and characterize certain provisions of federal law, to which the Court is respectfully referred for a full and accurate statement of their contents.

37.  Defendants admit this paragraph.

38.  This paragraph purports to summarize and characterize the City of Los Angeles's Byrne JAG award documents for Fiscal Year 2016, to which the Court is respectfully referred for a full and accurate statement of their contents.

### C. The City of Los Angeles Allegedly Uses Byrne JAG Funds For Critical Local Law Enforcement Needs

39.  Due to issues in relation to the availability of older records, defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

40.  Defendants admit this paragraph.

41-45.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these paragraphs.

### D. Defendants' Announcement Of Federal Civil Immigration-Related Conditions For State And Local Government Receipt of Byrne JAG Funding

46.  These paragraphs purport to summarize and characterize certain statements by the President, an Executive Order issued by the President, and the decision of a federal district court, to which the Court is respectfully referred for a full and accurate statement of their contents.

47-51.  These paragraphs purport to summarize and characterize certain statements by Attorney General, the Office of Public Affairs of the Department of Justice, and other individuals, to which the Court is respectfully referred for a full and accurate statement of their contents.

### E. DOJ's Imposition Of New Federal Civil Immigration-Related Conditions In The Agency's Solicitation For Grant Applications for FY 2017 Byrne JAG Awards

52. Defendants deny the first sentence of this paragraph, and aver that the actual FY 2017 Byrne JAG conditions were contained in the award documents issued to recipients, not in the Byrne JAG FY 2017 Local Solicitation.  The remainder of this paragraph purports to summarize and characterize the FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.

53. This paragraph purports to summarize and characterize the Byrne JAG FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.

54. This paragraph purports to summarize and characterize the Byrne JAG FY 2017 Local Solicitation and certain provisions of federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

### F. DOJ's Alleged Modification Of Its Federal Civil Immigration-Related Funding Conditions In Response To Litigation.

55. Defendants admit this paragraph.

56. Defendants deny the first and second sentences of this paragraph, and aver that the actual FY 2017 Byrne JAG conditions were contained in the award documents issued to recipients, not in the FY 2017 Local Solicitation.  Defendants admit the third sentence of this paragraph.  The first half of the fourth sentence (through the comma) purports to summarize and characterize the Byrne JAG FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.  Defendants admit the second half of the fourth sentence.

57-60.  These paragraphs purport to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, to

which the Court is respectfully referred for a full and accurate statement of their contents.

61. This paragraph purports to summarize and characterize a federal district court decision, to which the Court is respectfully referred for a full and accurate statement of its contents.

### G. DOJ's New Federal Civil Immigration-Related Conditions Allegedly Put Los Angeles' Byrne Criminal Justice Assistance Funding At Risk.

62. Defendants admit the first sentence of this paragraph. In relation to the second sentence, defendants admit that the City of Los Angeles sought a Byrne JAG award for FY 2017, and aver that the Office of Justice Programs has issued that award to the City. The remainder of this paragraph purports to summarize and characterize the City's FY Byrne JAG application, to which the Court is respectfully referred for a full and accurate statement of its contents.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph. Defendants deny the first half of the second sentence (through the comma), except to admit that the City of Los Angele's allocation under the Byrne JAG Program, provided the City is found eligible, is $1.9 million. Defendants admit the second half of the second sentence. Defendants admit the first half of the fourth sentence of this paragraph (through the comma), and lack knowledge or information sufficient to form a belief as to the truth of the second half of this sentence.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

65. To the extent the first sentence of this paragraphs purports to summarize and characterize the Byrne JAG FY 2017 Local Solicitation, the Court is respect referred that document for a full and accurate statement of its contents. Given the lack of specificity as to plaintiff's allegation regarding "previously raised concerns," defendants lack knowledge or information sufficient to form a belief as

to the truth of that allegation. he second and third sentences of this paragraph purport to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, to which the Court is respectfully referred for a full and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the fourth and fifth sentences.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first half of the second sentence (through the comma), because, among other reasons, Los Angeles law enforcement agencies do not notify U.S. Immigration and Customs Enforcement when they have an alien in custody. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

68. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

69-85. These paragraphs relate to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

## COUNT ONE

**(Byrne JAG: Violation of Separation of Powers / Ultra Vires Agency Action)**

86. Defendants repeat and incorporate each and every response and averment contained above as if fully set forth herein.

87. This paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.

1  88.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

89-90.  These paragraphs purport to summarize and characterize certain provisions of the Constitution and judicial decisions, to which the Court is respectfully referred for a full and accurate statement of their contents.

91.  The first and second sentences of this paragraph purport to summarize and characterize certain judicial decisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  The third sentence sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

92.  This paragraph purports to summarize and characterize certain provisions of federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

93.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

94-100.  These paragraphs (1) purport to summarize and characterize certain provisions of federal statutes, legislative history, and judicial decisions, to which the Court is respectfully referred for a full and accurate statement of their contents, and (2) set forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

101.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## COUNT TWO

### (Byrne JAG: Tenth Amendment and Spending Clause)

102. Defendants repeat and incorporate each and every response and averment contained above as if fully set forth herein.

103. This paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.

104-105. These paragraphs (1) purport to summarize and characterize certain provisions of federal statutes and certain judicial decisions, to which the Court is respectfully referred for a full and accurate statement of their contents, and (2) set forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

106-107. These paragraphs purport to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, to which the Court is respectfully referred for a full and accurate statement of their contents.

108. The first sentence of this paragraph purports to summarize and characterize a certain judicial decision, to which the Court is respectfully referred for a full and accurate statement of its content. The second sentence sets forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## COUNT THREE

### (Byrne JAG: Violation of the Administrative Procedure Act - Arbitrary and Capricious Agency Action)

109. Defendants repeat and incorporate each and every response and averment contained above as if fully set forth herein.

110. This paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.

111. This paragraph purports to summarize and characterize a certain provision of federal statutes, to which the Court is respectfully referred for a full and accurate statement of its contents.

112. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required. To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## COUNT FOUR

113-120. These paragraphs relate to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

## COUNT FIVE

121-125. These paragraphs relate to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

## COUNT SIX

126-128. These paragraphs relate to Counts Four, Five, and Six of the Complaint, as to which the Court has already entered a permanent injunction.

## PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Complaint sets forth plaintiff's prayer for relief, to which no response by the defendants is required. To the extent any response is deemed required, these allegations are denied.

\* \* \*

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, defendants pray that:

1. This Court enter judgment for defendants and dismiss this action with prejudice;

2. Plaintiff be assessed the costs of this litigation; and

1       3. Defendants be granted such further relief as this Court may deem just and proper.

Dated:  October 9, 2018

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                NICOLA T. HANNA
                United States Attorney

                JOHN R. TYLER
                Assistant Director

                /s/ W. Scott Simpson
                _____

                W. SCOTT SIMPSON (Va. Bar #27487)
                Senior Trial Counsel

                Department of Justice, Civil Division
                318 South Sixth Street, Room 244
                Springfield, Illinois 62701
                Telephone:  (202) 514-3495
                Facsimile:  (217) 492-4888
                E-mail:  scott.simpson@usdoj.gov

                COUNSEL FOR DEFENDANTS