JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No.: 2:17-cv-07215-JLS-JC<br><br>**PERMANENT INJUNCTION AND FINAL JUDGMENT**<br><br>**Judge:** Honorable Josephine L. Staton |

# PERMANENT INJUNCTION AND FINAL JUDGMENT

## I. FISCAL YEAR 2017 BYRNE JAG CLAIMS

On September 13, 2018, the Court granted Plaintiff City of Los Angeles ("City") a preliminary injunction with respect to its claims that the immigration-related Notice and Access Conditions[1] that Defendants imposed on the Fiscal Year ("FY") 2017 Edward Byrne Memorial Justice Assistant Grant ("Byrne JAG") program were unlawful. ECF No. 93. The Court held that the "Notice and Access Conditions exceed statutory authority, and trying to impose such conditions is a violation of the separation of powers doctrine and *ultra vires*." *Id.* at 4. Defendants appealed this order (No. 18-56292). On October 31, 2019, the Ninth Circuit Court of Appeals affirmed the Court's preliminary injunction. *See City of Los Angeles v. Barr*, 941 F.3d 931 (9th Cir. 2019). The Ninth Circuit reasoned that the Notice and Access Conditions on FY 2017 Byrne JAG program awards were not authorized by statute and are therefore *ultra vires*. *Id.* at 945. Accordingly, the Court hereby **ENTERS** final judgment for the City with respect to the Notice and Access Conditions on the FY 2017 Byrne JAG program. In addition, the Court hereby converts its preliminary injunction with respect to the Notice and Access Conditions on the FY 2017 Byrne JAG program, ECF No. 93, to a permanent injunction that prohibits Defendants from imposing or enforcing the 2017 Byrne JAG Notice and

---

[1] As relevant here, Defendants require the following: (1) "A local ordinance, -rule, -regulation, -policy, or -practice (or an applicable State statute, -rule, -regulation, -policy, or -practice) must be in place that is designed to ensure that agents of the United States acting under color of federal law in fact are given access [to] a local-government (or local-government-contracted) correctional facility for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) [noncitizens] and to inquire as to such individuals' right to be or remain in the United States" ("Access Condition"); and (2) "A local ordinance, -rule, -regulation, -policy, or -practice (or an applicable State statute, -rule, -regulation, -policy, or -practice) must be in place that is designed to ensure that, when a local-government (or local-government-contracted) correctional facility receives from [the Department of Homeland Security ("DHS")] a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular [noncitizen] in such facility, then such facility will honor such request and—as early as practicable . . . provide the requested notice to DHS" ("Notice Condition"). U.S. Dep't of Justice, Bureau of Justice Assistance, FY 2017 Byrne JAG Award, Special Condition No. 56 (ECF No 1-4, page ID #109).

Access Conditions on the City's award.  Accordingly, **IT IS HEREBY ORDERED** that Defendants are **PERMANENTLY ENJOINED** from imposing, enforcing, or otherwise implementing the Notice and Access Conditions announced by the Justice Department on July 25, 2017, and subsequently modified by the Justice Department, in conjunction with Los Angeles' FY 2017 Byrne JAG application and award.

## II.     FISCAL YEAR 2017 COPS HIRING PROGRAM CLAIMS

On April 11, 2018, the Court granted summary judgment and a permanent injunction to the City on its claims that the immigration-related scoring considerations Defendants used in evaluating applications for the FY 2017 Community Oriented Policing Services ("COPS") Hiring Program grant were unlawful.  ECF No. 75.  Defendants appealed this order (No. 18-55599), and the Ninth Circuit Court of Appeals reversed the grant of summary judgment and the permanent injunction on July 12, 2019.  *See City of Los Angeles v. Barr*, 929 F.3d 1163 (9th Cir. 2019), *reh'g denied, mandate issued* (Dec. 17, 2019).  On December 20, 2019, Defendants filed an unopposed *ex parte* application to vacate the Court's order granting summary judgment and a permanent injunction on the COPS claims.  *See* ECF No. 75 (order); ECF No. 112 (*ex parte* application to vacate).  On December 23, 2019, the Court ordered that its injunction of April 11, 2018 (ECF No. 75) be dissolved and vacated, effective immediately.  ECF No. 113.  At the joint request of the parties, the Court now **HEREBY ENTERS** partial summary judgment in Defendants' favor on Counts Four, Five, and Six of the City's Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, and those Counts are **DISMISSED WITH PREJUDICE.**

   IT IS SO ORDERED.
   Dated:  March 20, 2020

   HON. JOSEPHINE L. STATON
   United States District Judge